IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN LIEBB, | No. C 10-02377 CW (PR) |
| Petitioner, | ORDER DENYING PETITION FOR A WRIT OF HABEAS CORPUS; DENYING CERTIFICATE OF APPEALABILITY; AND DENYING PENDING MOTIONS AS MOOT |
| v. | |
| VINCENT CULLEN, Acting Warden, | |
| Respondent. | |

Petitioner, a state prisoner, has filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging as a violation of his constitutional rights the denial of parole by the California Board of Parole Hearings (Board) on September 3, 2009.

In an Order dated June 25, 2010, the Court ordered Respondent to show cause why the petition should not be granted.

On August 24, 2010, Respondent filed a motion to dismiss the petition for failure to exhaust state court remedies (docket no. 5).  Thereafter, Petitioner filed an opposition to the motion, and he also filed a motion for appointment of counsel (docket no. 7).

In his petition, Petitioner specifically claims that the Board's 2009 denial does not comport with due process because it is not supported by some evidence demonstrating that he poses a current unreasonable threat to the public.  He also claims that conducting his parole hearing under Proposition 9 (Marsy's Law) was a violation of the ex post facto clause of federal constitution. Proposition 9, the "Victims' Bill of Rights Act of 2008: Marsy's Law," modified the availability and frequency of parole hearings. Specifically, Marsy's Law provides that the Board will hear each

1  case every fifteen years unless it opts to schedule the next
2  hearing in three, five, seven or ten years.  Cal. Penal Code
3  § 3041.5(b)(3) (2010).

4      In the context of parole, a prisoner subject to a parole
5  statute similar to California's receives adequate process when he
6  is allowed an opportunity to be heard and is provided with a
7  statement of the reasons why parole was denied.  <u>Swarthout v.</u>
8  <u>Cooke</u>, No. 10-333, slip op. at 4-5 (U.S. Jan. 24, 2011).  The
9  record shows Petitioner received at least this amount of process.
10 The Constitution does not require more.  <u>Id.</u> at 5.

11     Whether the Board's decision was supported by some evidence of
12 current dangerousness is irrelevant in federal habeas.  The Supreme
13 Court has made clear that "it is no federal concern . . . whether
14 California's 'some evidence' rule of judicial review (a procedure
15 beyond what the Constitution demands) was correctly applied."  <u>Id.</u>
16 at 6.  Even though Respondent argues that Petitioner's due process
17 claim is unexhausted, it clearly is without merit; therefore, the
18 Court DENIES his due process claim notwithstanding the possibility
19 that it may be unexhausted.

20     Petitioner's ex post facto claim also fails.  The Ninth
21 Circuit has recently held that Marsy's Law does not violate the ex
22 post facto clause.  <u>See</u> <u>Gillman v. Schwarzenegger</u>, No. 10-15471,
23 slip op. 1339, 1357 (9th Cir., Jan. 24, 2011).  Accordingly, the
24 Court finds that Petitioner's allegations do not state a cognizable
25 claim for an ex post facto violation.

26     For the foregoing reasons, the petition for a writ of habeas
27 corpus is DENIED.  And pursuant to Rule 11 of the Rules Governing
28 Section 2254 Cases, a certificate of appealability (COA) under 28

**United States District Court**
For the Northern District of California

U.S.C. § 2253(c) is DENIED because it cannot be said that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  Slack v. McDaniel, 529 U.S. 473, 484 (2000).  Petitioner may seek a certificate of appealability from the Ninth Circuit Court of Appeals.

    Respondent's motion to dismiss and Petitioner's motion for appointment of counsel are DENIED as moot.

    The Clerk of the Court shall enter judgment in favor of Respondent, terminate all pending motions, and close the file.

    This Order terminates Docket nos. 5 and 7.

    IT IS SO ORDERED.

Dated: 2/7/2011

                            CLAUDIA WILKEN
                            UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

STEPHEN LIEBB,

        Plaintiff,

  v.

VINCENT CULLEN et al,

        Defendant.

                                    /

Case Number: CV10-02377 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on February 7, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Stephen Liebb
C-60825
San Quentin State Prison
San Quentin, CA 94974

Dated: February 7, 2011

                                  Richard W. Wieking, Clerk
                                  By: Nikki Riley, Deputy Clerk